776 N.E.2d 952 (2002)
In re the ADOPTION OF G.W.B. & A.M.B.
Gary Brooks, Appellant-Respondent,
v.
Jeremiah McGee, Appellee-Petitioner.
No. 71A03-0205-CV-152.
Court of Appeals of Indiana.
October 18, 2002.
Aric J. Rutkowski, South Bend, IN, Attorney for Appellant.
Rudolfo S. Monterrosa, Jr., South Bend, IN, Attorney for Appellee.

OPINION
MATTINGLY-MAY, Judge.
Gary Brooks appeals the trial court's judgment allowing Jeremiah McGee to adopt Brooks' two children from a previous marriage. Brooks raises one issue on appeal, which is whether the trial court erred when it did not inform Brooks of his right to counsel during the step-parent adoption proceedings that could terminate *953 Brooks' parental rights. We reverse and remand with instructions.

FACTS AND PROCEDURAL HISTORY
Brooks was married to Shawn Brooks McGee ("Mother") until their marriage was dissolved in 1995. Brooks and Mother had two children, G.W.B. and A.M.B. At dissolution, the trial court gave custody of the children to Mother. Subsequently, Mother married McGee. On October 30, 2001, McGee filed a petition to adopt the children and sent notice to Brooks of his petition to adopt. On November 20, 2001, Brooks filed a motion to contest the adoption. The trial court scheduled the matter for hearing on February 20, 2002.
Brooks appeared at the hearing without counsel. The trial court asked Brooks if he was represented by counsel, and Brooks responded that he had "just contacted one, Your Honor, and he wasn't able to make it in the short time span that I had." (Tr. at 4.) Then, the court asked Brooks if he was prepared to proceed with the hearing, and Brooks asked if the hearing could be postponed until he had an attorney. The court refused to grant the continuance because Brooks had a sufficient amount of time to hire an attorney in the two and a half months between his filing of his motion to contest the adoption and the hearing. During the hearing, the court asked Brooks if he had ever sought advice from an attorney regarding the difficulty he was having exercising visitation, and Brooks responded, "Your Honor, I haven't been able to afford an attorney, that's why I really don't have one now." (Tr. at 13.) After the hearing, the trial court denied Brooks' motion contesting the adoption and granted McGee's petition to adopt the children.

DISCUSSION AND DECISION
In Indiana, statutes grant parents a right to counsel in proceedings to terminate parental rights. Taylor v. Scott, 570 N.E.2d 1333, 1334 (Ind.Ct.App.1991) (citing Ind.Code § 31-6-3-2(c), a predecessor of Ind.Code § 31-32-2-5), trans. denied. Ind.Code § 31-32-2-5 provides that "[a] parent is entitled to representation by counsel in proceedings to terminate the parent-child relationship." In addition, Ind.Code § 31-32-4-1 provides: "The following persons are entitled to be represented by counsel: ... (2) A parent, in a proceeding to terminate the parent-child relationship, as provided by IC XX-XX-X-X." Indiana Code § 31-32-4-3 further explains:
(a) If:
(1) a parent in proceedings to terminate the parent-child relationship does not have an attorney who may represent the parent without a conflict of interest; and
(2) the parent has not lawfully waived the parent's right to counsel under IC 31-32-5[1] (or 31-6-7-3 before its repeal);
the juvenile court shall appoint counsel for the parent at the initial hearing or at any earlier time.
(Footnote supplied.) We have previously held that the right to counsel granted by these statutes must also exist when a biological parent's rights are being terminated by an adoption that the biological parent is contesting. See In re McClure, 549 N.E.2d 392, 394 (Ind.Ct.App.1990) (discussing Ind.Code § 31-6-7-2(b), a predecessor of Ind.Code § 31-32-4-3(a)).
Moreover, Indiana Code § 31-35-1-12 provides:
*954 [T]he parents must be advised that:

* * * * * *
(7) the parents are entitled to representation by counsel, provided by the state if necessary, throughout any proceedings to terminate the parent-child relationship against the will of the parents; ...
We have previously held that the right to these advisements applies in cases of termination of parental rights by adoption over the objection of a birth parent. In re McClure, 549 N.E.2d at 394 (discussing Ind.Code § 31-6-5-3(7), a predecessor of Ind.Code § 31-35-1-12(7)).
In summary, we have held that parents whose parental rights are being terminated against their will have three rights: (1) "the right to be represented by counsel"; (2) "the right to have counsel provided if [they] could not afford private representation"; and (3) "the right to be informed of the two preceding rights." Taylor, 570 N.E.2d at 1335. Here, the trial court did not advise Brooks of these rights. In addition, as there was only one hearing, there was no prior occasion upon which the trial court could have impressed upon Brooks "the serious consequences he faced if he represented himself." Id. Consequently, Brooks did not knowingly, intelligently, and voluntarily waive his right to counsel.[2]See id. Accordingly, we must reverse the trial court's judgment.[3] We *955 remand and instruct the trial court to vacate the hearing and all proceedings thereafter and to conduct further proceedings consistent with this opinion.
Reversed and remanded with instructions.
RILEY, J., and ROBB, J., concur.
NOTES
[1] Under Ind.Code § 31-32-5, a parent can waive his or her right to counsel in termination proceedings if the parent does so "knowingly and voluntarily."
[2] McGee argues that Brooks clearly knew about his right to counsel because Brooks tried to hire counsel to represent him. Therefore, according to McGee, Brooks knowingly waived his right to counsel when he did not hire counsel in time for the hearing. We find this argument unpersuasive. See Taylor, 570 N.E.2d at 1335 (reversing judgment terminating parental rights because father was never informed of his rights or their importance, even though father fired his third attorney just before the hearing and appeared at the hearing without counsel).

McGee also argues that our decision should be controlled by Smith v. Marion County Dep't of Public Welfare, 635 N.E.2d 1144 (Ind.Ct. App.1994), trans. denied, wherein the trial court did not abuse its discretion by failing to appoint counsel for an indigent mother because she did not inform the trial court that she was indigent and needed counsel. However, that case is inapposite. In Smith, the appellant appealed following the termination of her parental rights and claimed that the trial court erred by failing to appoint counsel to represent her during the CHINS proceeding. First, we held that the appellant had waived such argument by failing to raise the issue in a timely appeal of the CHINS determination. Id. at 1148. Second, waiver notwithstanding, we held that because a parent's rights are not terminated in a CHINS petition, parents do not have the same statutory right to counsel that they have in termination proceedings. Id. at 1148-1149. Third, we held that the trial court had not abused its discretion when it failed to provide counsel because Smith did not inform the court that she was indigent and wanted counsel. Id. at 1149. Here, unlike Smith, Brooks' rights were being terminated and the trial court was required to inform Brooks of his rights. See Taylor, 570 N.E.2d at 1335. This is not a situation in which the trial court had discretion about whether to tell Brooks that he had a right to counsel. McGee's reliance on Smith is misplaced.
[3] McGee argues that Brooks had to demonstrate that he was prejudiced by the trial court's failure to advise him of his right to counsel. To support this argument, McGee claims:

The Appellant makes reference to the Taylor case and argues that "[a]s the Court failed to inform [the father] of his right to counsel, it denied him the rights guaranteed by the Indiana Statutes." Taylor at 1335. The argument follows that this error alone warrants a reversal of the judgment below. However, this Court has since recently held that an alleged error in and of itself will not suffice for a reversal and distinguished the Taylor case in light of this ruling. [In re A.N.J., 690 N.E.2d 716, 720 (Ind.Ct.App. 1997) ]. In other words, in order to reverse a trial court's decision, the Appellant must show how the alleged error prejudiced him. Id. As this Court has indicated, in order to do so, the appellant must prove that a different result would have arisen had the appellant been appointed counsel or for that matter, had his own private attorney. Nothing in the record indicates such an assertion.
(Br. of Appellee at 5.) We did not hold in A.N.J. that an appellant had to demonstrate prejudice to prove that his right to counsel was violated. See In re A.N.J., 690 N.E.2d 716, 720 (Ind.Ct.App.1997). Rather, we held that because the father had failed to appear at the hearing, the trial court could not have erred when it failed to inform him at the hearing of his right to counsel and of his right to appointed counsel. Id. After so holding, we "note[d]" that the father had not been prejudiced because the father and his counsel had been allowed to listen to the previous proceedings and log objections with the trial court. Id. Because A.N.J. did not hold what McGee claims that it held, his argument fails.