637 S.E.2d 777 (2006)
In the Interest of M.N.R., a child.
No. A06A1382.
Court of Appeals of Georgia.
October 20, 2006.
*778 Richard Darden, Darden, Burns & Harris, Savannah, for appellant.
Thurbert Baker, Attorney General, Shalen Nelson, Senior Assistant Attorney General, Charissa Ruel, Assistant Attorney General, for appellee.
ADAMS, Judge.
The Juvenile Court of Chatham County terminated the parental rights of the mother and father of M.N.R. The mother appeals, challenging the sufficiency of the evidence to support the juvenile court's findings.
On appeal, we review the evidence in the light most favorable to the juvenile court's order. We do not weigh the evidence or resolve credibility disputes but defer to the juvenile court's factfinding. In the Interest of M.W., 275 Ga.App. 849, 622 S.E.2d 68 (2005).
Georgia law provides for a two-step process that must be followed in determining whether to terminate parental rights. OCGA § 15-11-94(a) requires that the trial court "first determine whether there is present clear and convincing evidence of parental misconduct or inability." Parental misconduct or inability is determined under the four criteria set forth in OCGA § 15-11-94(b)(4)(A)(i)-(iv). Those four factors are: (1) the child is deprived; (2) the lack of proper parental care or control by the parent whose rights are being terminated is the cause of the deprivation; (3) the cause of the deprivation is likely to continue; and (4) continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. If these four factors are shown to exist by clear and convincing evidence, then the court must also determine whether termination of parental rights is in the best interest of the child, "after considering the physical, mental, emotional, and moral condition and needs of the child . . ., including the need for a secure and stable home." OCGA § 15-11-94(a). In the Interest of C.M., 275 Ga.App. 719, 621 S.E.2d 815 (2005).
The mother challenges the evidence only as it pertains to the third and fourth criteria  that the cause of the deprivation is likely to continue and that the continued deprivation is likely to cause harm to the child, and specifically challenges only two findings made by the juvenile court; thus we will limit our review accordingly. The mother argues that since she has finally overcome her longstanding drug addiction, the juvenile court's finding that the cause of the deprivation is likely to continue is contrary to the evidence. As to this issue the record shows that the only evidence that the mother had overcome her drug addiction was the mother's testimony that she was now "clean" and would "be clean from here on out." However, the mother admitted that she did not complete the drug treatment program she had enrolled in approximately six months before the hearing, and that she had relapsed after she completed an earlier program. Moreover, the caseworker testified that the mother had tested positive for drugs most recently about a month before the termination hearing, that all her drug screens had been positive, and that she had never successfully completed an approved drug treatment program. "`The decision as to a child's future must rest on more than positive promises which are contrary to negative past fact.' [In the Interest of A.G., 253 Ga.App. 88, 91(1)(c), 558 S.E.2d 62 (2001)]." In the Interest of J.D., 280 Ga.App. 861, 865(1)(c), 635 S.E.2d 226 (2006). Further, "what weight to give recent improvements is a question for the trier of fact. In considering a parent's claims of recent improvement, the trial court, not the appellate court, determines whether a parent's conduct warrants hope of rehabilitation." (Punctuation and footnotes omitted.) In the Interest of A.T.H., 248 Ga.App. 570, 573(1), 547 S.E.2d 299 (2001). Lastly, in addition to the evidence of the mother's continued drug use, the evidence also showed that the mother did not meet the goals of her reunification plan, and that she failed to visit and bond with the child. All of these factors demonstrated that M.N.R.'s deprivation was likely to continue. In the Interest of L.G., 273 Ga.App. 468, 475(2)(c), 615 S.E.2d 551 (2005). The juvenile court's finding as to the third factor was thus supported by clear and convincing evidence.
*779 The mother also asserts that there is no basis to find that her incarceration for a probation violation harmed the child, since she had already stopped visiting the child at the time that she was incarcerated because the child found the visits emotionally difficult. This argument misreads the trial court's order. The juvenile court did not mention the mother's incarceration as a basis for terminating her parental rights, and the record shows that the mother's lack of visitation was not due to her incarceration since for most of the relevant time period she was not incarcerated. Rather, the juvenile court found that the mother had "practically abandoned her daughter" because "she visited the child only five times between November of 2003 and April of 2004, [and] during the past 12 months, she did not visit [M.N.R.] at all." This finding was supported by clear and convincing evidence, including the mother's own testimony.
We have held that evidence of a mother's repeated failure to remain drug free and her failure to take the steps necessary to reunite with the children was sufficient to prove that the continued deprivation would cause the child serious physical, mental, emotional, or moral harm. Additionally, it is well settled that children need permanence of home and emotional stability or they are likely to suffer serious emotional problems. . . . Therefore, we find that the evidence supports the juvenile court's finding that the continued deprivation is likely to cause [M.N.R.] serious harm.
(Punctuation and footnotes omitted.) In the Interest of J.S.T.S., 273 Ga.App. 221, 225-226, 614 S.E.2d 863 (2005).
The order terminating the mother's parental rights is thus affirmed.[1]
Judgment affirmed.
BLACKBURN, P.J., and MIKELL, J., concur.
NOTES
[1] As the mother does not challenge the sufficiency of the evidence to support the juvenile court's conclusion that termination of the mother's parental rights was in the best interest of M.N.R., we need not consider that issue.