A06A2495. IN THE INTEREST OF D. P. E. et al., children.
(639 SE2d 535)

BLACKBURN, Presiding Judge.

The natural mother of seven-year-old D. P. E. and four-year-old D. L. E. appeals the juvenile court order terminating her parental

rights to these two children, arguing solely that the evidence did not support the court's finding that the cause of the children's deprivation was likely to continue or would not likely be remedied. In light of the mother's continued lack of housing or employment, her repeated failure to comply with the case plan, and her continued mental instability coupled with her failure to complete mandated mental health and substance abuse treatment, we hold that some evidence supported the juvenile court's finding, and we therefore affirm.

The standard for reviewing the evidence in a parental termination case is clear:

> OCGA § 15-11-94 (a) sets out a two-part procedure for terminating parental rights. First, the juvenile court must determine whether there is clear and convincing evidence of parental misconduct or inability. Parental misconduct is found when: (1) the child is deprived; (2) lack of proper parental care or control is causing the deprivation; (3) the cause of the deprivation is likely to continue or will not likely be remedied; and (4) continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. Second, if the juvenile court finds clear and convincing evidence of parental misconduct or inability, the court shall then consider whether termination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child, including the need for a secure and stable home. In reviewing the sufficiency of the evidence supporting a termination order, we view the evidence in the light most favorable to DFCS and determine whether, based on the criteria outlined above, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights have been lost. We do not weigh the evidence or determine the credibility of the witnesses but defer to the trial court's factfinding and affirm unless the evidence fails to satisfy the appellate standard of review.

(Punctuation and footnotes omitted.) *In the Interest of S. R. B.*[1]

The mother does not challenge the court's findings that the children were deprived as a result of her lack of proper parental care or control and that such was likely to cause them serious harm. These findings were based on the mother's inability to provide adequately for the needs of the children because of her medically-verified mental

---

[1] *In the Interest of S. R. B.*, 273 Ga. App. 39 (614 SE2d 150) (2005).

disorder of paranoid schizophrenia and because of her alcohol abuse.[2] Beyond causing one child to be born with fetal alcohol syndrome, the mother's alcohol abuse and mental disorder (and her voluntary cessation of treatment for the mental disorder and substance abuse, though such was required by her case plan) resulted in her threatening to kill one child, in her abandonment of the children, in her inability to obtain housing or employment (as required by her case plan), in her failure to pay child support or to bond with the children during the years the Department of Family and Children Services (DFCS) had them in custody prior to the termination hearing, and in her repeated hospitalizations for mental breakdowns.[3]

As noted above, the mother challenges only the court's finding as to the third criterion for determining parental misconduct or inability — whether the cause of the children's deprivation was likely to continue or would not likely be remedied.[4] In making this determination, the juvenile court was authorized to consider the mother's past conduct and to discount her promises to obtain stable housing and employment in the future. *In the Interest of S. R. B.*, supra, 273 Ga. App. at 41. See *In the Interest of J. M. M.*[5] " 'The decision as to a child's future must rest on more than positive promises which are contrary to negative past fact.' " *In the Interest of S. R. B.*, supra, 273 Ga. App. at 41.

The evidence in this regard shows that during the years (prior to the termination petition) that DFCS had her children in custody as a result of her abandonment, the mother was ordered to comply with a case plan that required her in part to receive and complete mental health and substance abuse treatment at River Edge, to remain alcohol free, to obtain stable housing and stable employment, and to pay child support. She failed to comply with any of these. Beyond having periods of no mental health treatment, she quit the River Edge mental health/substance abuse treatment program before completion. See *In the Interest of J. M. M.*, supra, 244 Ga. App. at 175-176 (failure to complete treatment programs shows cause of deprivation likely to continue); *In the Interest of A. K.*[6] ("[t]he mother's failure to comply with the requirements of court-mandated mental health counseling is a factor to be considered in determining the likelihood of whether the deprivation is likely to continue or will not likely be remedied"). Having obtained no stable housing, she was living in a homeless shelter only days before the termination hearing and was

---

[2] See OCGA § 15-11-94 (b) (4) (B) (i), (ii).

[3] See OCGA § 15-11-94 (b) (4) (C).

[4] OCGA § 15-11-94 (b) (4) (A) (iii).

[5] *In the Interest of J. M. M.*, 244 Ga. App. 171, 175-176 (534 SE2d 892) (2000).

[6] *In the Interest of A. K.*, 272 Ga. App. 429, 436 (1) (c) (612 SE2d 581) (2005).

living with a friend on the day of the termination hearing, with no prospects of change on the horizon. She had never worked during this time and was not currently seeking a job at the time of the termination hearing. See *In the Interest of D. B.*[7] (cause of deprivation likely to continue "[g]iven the uncontradicted evidence that [the mother] had not been able to hold a job consistently [and] had not been able to procure suitable housing"). She had paid no child support. See *In the Interest of S. R. B.*, supra, 273 Ga. App. at 41 (failure to pay child support helps show cause of deprivation likely to continue). She conceded at the hearing that she could only care for the children with assistance from "counselors" provided by an outside organization, and she admitted that despite her best efforts, things had not "worked out" for her until the month before the hearing, with no specifics as to what had occurred in the last month or how such would now provide the needed stability. Cf. *In the Interest of D. L. S.*[8] (" '[a] few months of partial stability do not establish that the parent is capable of maintaining the progress' "). See generally *In the Interest of M. N. R.*[9] (" 'what weight to give recent improvements is a question for the trier of fact. In considering a parent's claims of recent improvement, the trial court, not the appellate court, determines whether a parent's conduct warrants hope of rehabilitation.' ").

"Based on the mother's continued instability in housing and employment and her failure to comply with her reunification case plan, the juvenile court was entitled to conclude by clear and convincing evidence that the cause of [the children's] deprivation was likely to continue." *In the Interest of J. W. M.*[10] See *In the Interest of D. W. A.*[11] ("[g]iven the mother's failure to complete the goals of her case plan, the juvenile court was authorized to find that the children's deprivation would likely continue if reunited with their mother"). Because evidence supports the only factual finding the mother challenged, we affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2006.

*Leo J. Kight, Jr.,* for appellant.

[7] *In the Interest of D. B.*, 242 Ga. App. 763, 766 (531 SE2d 172) (2000).
[8] *In the Interest of D. L. S.*, 271 Ga. App. 311, 314 (1) (c) (609 SE2d 666) (2005).
[9] *In the Interest of M. N. R.*, 282 Ga. App. 46 (637 SE2d 777) (2006).
[10] *In the Interest of J. W. M.*, 273 Ga. App. 20, 22-23 (1) (c) (614 SE2d 163) (2005).
[11] *In the Interest of D. W. A.*, 253 Ga. App. 346, 348-349 (559 SE2d 100) (2002).

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, W. Ashley Hawkins*, for appellee.