A07A0253. IN THE INTEREST OF Z. K. et al., children.
(645 SE2d 637)

ELLINGTON, Judge.

The father of two children, six-year-old Z. K. and five-year-old L. K., appeals from the order of the Juvenile Court of Murray County terminating his parental rights.[1] The father contends the trial court erred in forcing him to proceed without legal counsel. For the following reasons, we affirm.

In any proceeding for terminating parental rights, "[i]f the parent or parents of the child desire to be represented by counsel but are indigent, the court shall appoint an attorney for such parent or parents." OCGA § 15-11-98 (b). See also OCGA § 15-11-6 (b) (indigent parent's right to appointed counsel "at all stages of any proceedings" alleging his or her child is deprived, delinquent, unruly, or incorrigible); *In the Interest of A. M. R.*, 230 Ga. App. 133, 136 (2) (495 SE2d 615) (1998). Under OCGA § 15-11-6 (b),

> [i]f a party [to juvenile proceedings] appears without counsel, the court shall ascertain whether such party knows of his or her right to counsel and to be provided with counsel by the court if he or she is an indigent person. The court may continue the proceeding to enable a party to obtain counsel and shall provide counsel for an unrepresented indigent person upon the request of such a person. . . . If the interests of two or more parties conflict, separate counsel shall be provided for each of them.

"In order to waive a right as fundamental as effective counsel, the trial court must, on the record, determine that the waiver is knowing, intelligent and voluntary." (Citation omitted.) *Redd v. State*, 264 Ga. 399, 401 (444 SE2d 776) (1994). Even though the right to counsel in juvenile proceedings is statutory, rather than constitutional, waiver must be knowing and voluntary. *In the Interest of B. B.*, 267 Ga. App. 360, 362 (2) (599 SE2d 304) (2004) (parent's waiver of right to counsel under OCGA § 15-11-6 must be both knowing and voluntary).[2] When reviewing a trial court's ruling that a litigant knowingly and intelligently waived a right to counsel, we accept the trial court's findings

---

[1] The juvenile court also terminated the parental rights of the children's mother, who is not a party to this appeal.

[2] See also *Thomas v. State*, 260 Ga. 262, 262-263 (392 SE2d 520) (1990) (waiver of statutory right to appeal criminal conviction); *In the Interest of T. D. W.*, 229 Ga. App. 273, 275 (1) (493 SE2d 736) (1997) (standards for waiver of right to retained counsel by nonindigent juvenile in delinquency proceedings); *In re the Adoption of G. W. B.*, 776 NE2d 952, 953 (Ind. App. 2002) (waiver of statutory right to counsel in parental rights termination cases must be knowing and voluntary).

on disputed facts and credibility of witnesses unless clearly erroneous, but independently apply the law to the facts. *State v. Rodriguez*, 274 Ga. 728 (559 SE2d 435) (2002).

Viewed in the light most favorable to upholding the trial court's findings on disputed facts, the record shows the following. The children were first removed from the home in April 2000, based on inadequate housing. Over the next six years, the children were repeatedly removed from the home based on filthy, unsafe conditions in the home and the parents' lack of employment or other source of income. When the children were most recently placed in foster care, in May 2004, the home was found to be in bad repair, unsafe, filthy, and lacking in electricity and food.

On April 3, 2006, the Department of Human Resources, acting through the Murray County Department of Family and Children Services, filed a petition for termination of parental rights. The summons stated that the petition would be heard on June 20, 2006, and advised as follows:

> If you want a lawyer but are not able to hire a lawyer without undue financial hardship, you may ask for a lawyer to be appointed to represent you. The Court would inquire into your financial circumstances and if the Court finds you to be financially unable to hire a lawyer, then a lawyer will be appointed to represent you. If you want a lawyer appointed to represent you, you must let the Court or the officer of this Court handling this case know that you want a lawyer immediately.

The order terminating parental rights recites that the father was served with the summons and petition on April 6, 2006. The parents requested counsel, and the juvenile court appointed an attorney to represent them jointly. By April 27, the father was told to get separate counsel. The father submitted an application for appointed counsel to the court administrator.

On June 20, 2006, at the beginning of the hearing on the termination petition, the juvenile court inquired whether the father had counsel. The father replied that he did not have counsel and that he did not want to proceed without a lawyer. A court administrator, who was not placed under oath, told the court that the father's application failed to include required financial information and that

the father had not supplemented his application.[3] The father responded that he had returned with a pay stub, which the court administrator could neither confirm nor deny. The juvenile court pursued the issue as follows:

> This case has been pending since April the 3rd. I've marked out an entire day and paid three lawyers and a court reporter to be here and I'm not in any mood to continue it if you didn't make diligent efforts to get an attorney. You've had since April the 6th. You applied in early May and if you did not provide what you needed to provide to the court administrator's office to get an attorney appointed — and why haven't you been back since early May to ask "who's my attorney, what are you doing about getting me an attorney?"

The father responded that he lacked transportation and lacked a telephone. The court continued:

> [T]here's no way for [the court administrator] to get in touch with you. Is he supposed to call you and ask you? You have not gone back since the first of May since you applied; is that right? ... It's not the court administrator's job to call you. It's your responsibility to see that you have the appropriate documentation there. And assuming for the sake of argument that you brought the appropriate documentation, you have not followed up in six weeks to find out if you had a lawyer and who your lawyer was or meet with your lawyer. And based on the fact that for six weeks you haven't followed up with the court administrator's office to find out if you qualify and if you did who your lawyer is going to be, I'm not going to continue this hearing today and put this off yet another six or eight weeks for you to get a lawyer. You've had two and a half months to do something about this and you have not. You've had almost six weeks since you first went into the court administrator's office and you haven't called back, come back, or done anything, made any effort to follow up and find out, "hey, am I getting a lawyer; who's my lawyer, who do I need to go see?" Nor have you gone to see anybody.

Without waiting for any response, the court then instructed the Department to call its first witness.

---

[3] The court administrator was not asked why the documentation already on file which had been sufficient to justify the appointment of an attorney for the parents *together* was not sufficient, less than a month later, for the appointment of an attorney for the father alone.

It is undisputed that the father did not waive his right to counsel on the record. The above-quoted portion of the transcript, along with the court's final order, show that the juvenile court found that the father waived his right to counsel by his conduct in not diligently seeking to have separate counsel appointed. See *In the Interest of K. A. P.*, 277 Ga. App. 794, 798 (2) (627 SE2d 857) (2006) (juvenile court did not abuse its discretion in denying parent's motion to continue termination of parental rights proceeding given parent's unexplained lack of diligence in hiring counsel); accord *In the Interest of T. R.*, 270 Ga. App. 401, 402 (1) (606 SE2d 630) (2004) (deprivation proceeding). But waiver of counsel in termination and deprivation proceedings "will not be lightly presumed, and a trial judge must indulge every reasonable presumption against waiver." (Citation and punctuation omitted.) *In the Interest of A. M. A.*, 270 Ga. App. 769, 776 (3) (607 SE2d 916) (2004). The record contains no evidence showing that the father was advised of all of the steps necessary for him to secure appointed counsel. Furthermore, the record contains no evidence showing that the father was advised that the court administrator considered his application to lack appropriate documentation. Finally, the record is devoid of any evidence showing that the father was advised that the court would regard his failure to correct any deficiencies by a certain date and his failure to inquire about the status of his application during the six weeks before the hearing as evidence that he knowingly and voluntarily waived his right to counsel. In addition, the summons, which stated "[t]he Court would inquire into [an applicant's] financial circumstances" to determine whether he was "financially unable to hire a lawyer," could be read as suggesting that the court would take an active role in resolving any application for appointed counsel. Regardless of the juvenile court's understandable frustration with the father's lack of initiative and its concern about wasting public funds by continuing the hearing, the court was required "to exercise its affirmative duty of determining *on the record* whether [the father] exercised reasonable diligence in attempting to retain . . . counsel" or "whether the absence of an attorney was attributable to reasons beyond [his] control." (Emphasis supplied.) Id.[4] With due regard to the juvenile court's opportunity to judge the father's credibility, we find the record insufficient to justify a finding of a knowing and voluntary waiver of the right to counsel. Id.

"Because [termination] is a civil matter not involving a state or federal constitutional right to counsel, the father is required to show

---

[4] See *Prater v. State*, 220 Ga. App. 506, 509 (469 SE2d 780) (1996) ("In order to establish a valid waiver [of the right to counsel in criminal proceedings], a trial judge must investigate as long and as thoroughly as the circumstances of the case before him [or her] demand.") (citation omitted).

harm as well as error to warrant reversal" based on a denial of the right to counsel. (Footnote omitted.) *In the Interest of C. B.*, 258 Ga. App. 143, 147-148 (3) (574 SE2d 339) (2002). The father contends that the order terminating his parental rights was based predominantly on his failure to pay child support while his children were in foster care and that he wished to present evidence that he was not required by any court order to do so. He argues that "most of his problems stem from an inability to manage money," and that, with an attorney's help, he "may well have been able to show that any parental [un]fitness could be remedied." But the juvenile court's order, which was supported by clear and convincing evidence in the record, shows that the juvenile court's primary basis for terminating parental rights was that, from the children's infancy, the parents failed to provide a home with the minimum requirements of sanitation, utilities, and food. Although a potential conflict of interest indicated the need for separate counsel for the parents, the record shows that the mother's attorney challenged the Department's evidence and presented evidence favorable to both of the parents. The father has not identified specifically any additional favorable evidence he could have introduced to show that the children's deprivation was not likely to continue.[5] As a result, notwithstanding the juvenile court's failure to properly evaluate whether the father waived his right to counsel, the father failed to show that he was harmed by the denial of his right to counsel. *In the Interest of M. S.*, 279 Ga. App. 254, 261 (1) (630 SE2d 856) (2006).

*Judgment affirmed. Andrews, P. J., concurs. Adams, J., concurs in judgment only.*

DECIDED APRIL 19, 2007.

*Samuel J. Gowin*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Jason S. Naunas, Assistant Attorney General*, for appellee.

---

[5] *In the Interest of M. N. R.*, 282 Ga. App. 46, 47 (637 SE2d 777) (2006) (in ruling on a petition for termination of parental rights, the trial court must determine "whether a parent's conduct warrants hope of rehabilitation" from past parental misconduct or inability; "the decision as to a child's future must rest on more than positive promises which are contrary to negative past fact") (citation and punctuation omitted).