McMlLLIAN, Judge,
dissenting.
Because I believe that this Court lacks jurisdiction to consider the mother’s out-of-time appeal, I must respectfully dissent.
As the majority correctly notes, applications for discretionary appeals must be filed within 30 days of the entry of the order being appealed. OCGA § 5-6-35 (d). And a party’s failure to meet this *70 statutory deadline deprives us of jurisdiction to consider the application. Wilson v. Carver, 252 Ga. App. 174 (555 SE2d 848) (2001), overruled in part on other grounds in Gable v. State, 290 Ga. 81, 85 (720 SE2d 170) (2011). This Court has long held that a trial court lacks authority to extend the time for filing a discretionary appeal. Rosenstein v. Jenkins, 166 Ga. App. 385 (304 SE2d 740) (1983), overruled in part on other grounds in Gable, 290 Ga. at 85. And we more recently held that a trial court has no authority to grant an out-of-time discretionary application from the termination of parental rights. In the Interest of S. M. B., 319 Ga. App. 125 (735 SE2d 122) (2012) . Because the analysis in In the Interest of S. M. B. does not distinguish between the authority of trial courts and appellate courts to grant an out-of-time application under these circumstances, I believe that this Court likewise does not have the authority to grant an out-of-time application for a discretionary appeal even in a parental rights termination case.
The United States Supreme Court has held that there is no federal constitutional right to counsel in a parental rights termination case, and the mother does not contend otherwise. Lassiter v. Dept. of Social Svcs. of Durham County, 452 U.S. 18 (101 SCt 2153, 68 LE2d 640) (1981). Nonetheless, I agree with the majority that an indigent parent has a statutory right to the appointment of counsel to appeal an order terminating his or her parental rights pursuant to OCGA § 15-11-262 (a).[63] It bears emphasis, however, that this right to counsel in termination proceedings is statutory, rather than constitutional. See Dell v. Dell, 324 Ga. App. 297, 302 (2) (748 SE2d 703) (2013); In the Interest of A. M. R., 230 Ga. App. 133, 136 (2) (495 SE2d 615) (1998) (“No state or federal constitutional right to counsel is involved because a parental termination action is a civil matter, not a criminal proceeding.”); In the Interest of Z. K., 285 Ga. App. 150, 150 (645 SE2d 637) (2007) (physical precedent only), overruled in part on other grounds, In re J. M. B., 296 Ga. App. 786 (676 SE2d 9) (2009).
Thus, the question becomes whether the failure to provide statutorily required counsel to the mother following the termination proceeding gives us authority to grant her out-of-time discretionary application. In Gable, our Supreme Court addressed a similar question of whether a trial court has the authority to grant an out-of-time discretionary appeal from the denial of an extraordinary motion for new trial in a criminal case where counsel failed to timely file a discretionary application. Gable, 290 Ga. at 82 (1). The Court first *71 considered that courts may grant extensions of time for filing notices of appeal and other similar papers by statute, and consequently found that this Court had the authority to grant an extension of time to file a discretionary application so long as the extension request is timely filed. Id. at 84-85 (2). But the Supreme Court emphasized that appellate courts have no authority to create equitable exceptions to jurisdictional requirements imposed by statute, and thus, “Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal.” (Emphasis supplied.) Id. at 85 (2).
And while I agree that “parents have a fundamental liberty interest in the care, custody, and management of their children”[64] and are certainly guaranteed due process in the context of the trial court’s termination proceedings, there is no corresponding constitutional right to a direct appeal of the termination. When the General Assembly enacted OCGA § 5-6-35 (a) (12), which took effect on January 1, 2008, the procedure for appeals from orders terminating parental rights was changed from direct to discretionary. See In the Interest of A C., 285 Ga. 829, 832 (1) (686 SE2d 635) (2009) (finding the statute does not violate a parent’s equal protection rights). Shortly thereafter, our Supreme Court upheld the change in procedure as constitutional and not in violation of the parents’ due process rights, finding that
it is well settled that if a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a State to provide appellate review,... even in termination of parental rights cases. Indeed, there is no right to appeal granted by either the State or Federal Constitutions to civil litigants or to the defendant or the State in criminal cases.
In the Interest of N. A. U. E., 287 Ga. 797, 797 (700 SE2d 393) (2010). And relying on our Supreme Court’s decision in Gable, this Court has previously held that because the father did not have a constitutional right to file a first appeal following the termination of his parental rights, no out-of-time appeal was available even where the father alleged that his counsel deprived him of the opportunity to timely file his discretionary application. In the Interest of S. M. B., 319 Ga. App. *72 at 127; see also Gable, 290 Ga. at 86 (2) (“There is no constitutional right to counsel, much less the effective assistance of counsel, in filing or litigating a post-conviction extraordinary motion for new trial or a discretionary application to appeal the ruling on such a motion.”).
If a parent has no constitutional or statutory right to a direct appeal following the termination of his or her parental rights, and if a parent has no constitutional right to counsel in a parental rights termination case, I fail to see how, as the majority insists, a parent nonetheless has a constitutional right to an attorney to file a discretionary application on his or her behalf. I believe the majority’s holding is at odds with established precedent that we have no authority to grant an out-of-time appeal even where the appellant’s attorney was ineffective in failing to timely file the application. See Gable, 290 Ga. at 82; In the Interest of S. M. B., 319 Ga. App. at 128.
Thus, although I sympathize with the majority’s position that it is a violation of due process for “an indigent person who desired appellate review of the decision terminating her parental rights [to be] forced (due to the ineffective assistance of her trial counsel) to pursue her one and only first right of appellate review (and a possible full appeal) without an attorney,” the United States Supreme Court has held that there is no categorical right to counsel in a parental rights termination case under the due process clause of the federal Constitution. Lassiter, 452 U.S. at 31 (II) (C); see also Miller v. Deal, 295 Ga. 504, 509 (2) (761 SE2d 274) (2014) (under Lassiter, “no categorical right to appointed counsel in proceedings to terminate parental rights”). And our Supreme Court has not construed our State’s Constitution in that way. Thus, it is outside this Court’s jurisdiction to find such a due process right in the first instance. See City of Decatur v. DeKalb County, 284 Ga. 434, 437 (2) (668 SE2d 247) (2008) (“Because [the Supreme Court of Georgia] has exclusive appellate jurisdiction over cases involving the construction of the state constitution, the Court of Appeals erred when it construed the constitutional provision.”).
I am, though, deeply troubled that the mother, who was herself barely an adult at the time of the termination proceedings, was erroneously told by her trial counsel that she did not have the right to appointed counsel on appeal.[65] And although I am compelled to find that she has no constitutional right to counsel on appeal based upon the state of Georgia law as it currently exists, I nonetheless echo the United States Supreme Court’s sentiments that “[a] wise public *73 policy, however, may require that higher standards be adopted than those minimally tolerable under the Constitution.” Lassiter, 452 U.S. at 33 (IV). Those considerations, however, are best left for our legislature’s determination.
Decided March 30, 2015
Reconsideration denied April 14, 2015
McMillan & Rawlings, Thomas C. Rawlings, for appellant.
Samuel S. Olens, Attorney General, Shalen S. Nelson, Penny L. Hannah, Senior Assistant Attorneys General, Tammy M. Griner, Assistant Attorney General, for appellee.
Jane Okrasinski, Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen, amici curiae.
Because I believe that this Court has no authority to grant the mother’s out-of-time discretionary application from the termination of her parental rights, I would find that her application was improvidently granted and that her appeal should be dismissed.
Based on my conclusion that this Court lacks jurisdiction to address the merits of this case, I do not reach the mother’s remaining enumerations of error, which are addressed in Division 2 of the majority’s opinion.
I am authorized to state that Presiding Judge Andrews and Judge Ray join in this dissent.

 See also former OCGA § 15-11-98, which was in effect at the time of the termination proceeding in this case.

 Clark v. Wade, 273 Ga. 587, 593 (544 SE2d 99) (2001). See also In the Interest of C. J. V., 323 Ga.App. 283, 283 (746 SE2d 783) (2013) (“there is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship”) (citations omitted).

 Nor did the juvenile court appoint her appellate counsel once her trial counsel informed the court that his contract with the public defenders office did not encompass appellate work.