

FILED

Dec 08 2016, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone
Anderson, Indiana

ATTORNEY FOR APPELLEES

John T. Wilson
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Adoption of A.G. & J.G.

A.R.,

*Appellant-Respondent,*

v.

M.G. & J.G.,

*Appellees-Petitioners.*

December 8, 2016

Court of Appeals Case No.
48A02-1603-AD-709

Appeal from the Madison Circuit Court

The Honorable Dennis D. Carroll, Special Judge

Trial Court Cause No.
48C06-1407-AD-34

**Brown, Judge.**

[1] A.R. appeals from the trial court's amended decree of adoption. A.R. raises five issues. We find dispositive the restated issue of whether the court abused its discretion in granting a motion to withdraw appearance filed by A.R.'s civil public defender. We reverse and remand.

## Facts and Procedural History

[2] On July 16, 2014, a Petition for Adoption was filed by M.G. and Je.G. ("Petitioners") which alleged that Je.G. is the natural father of A.G. and Ju.G. (the "Children"), that M.G. was married to Je.G., and that A.R. is the natural mother of the Children. On July 30, 2014, A.R., *pro se*, filed a general answer and denial asking the court to deny the petition for adoption. An entry in the chronological case summary ("CCS"), dated September 16, 2014, states that A.R. requested the appointment of a civil public defender, the court heard evidence and found A.R. did not have the money or means to prosecute the case, and the court appointed William Byer, Jr., ("Attorney Byer") as a civil public defender to represent her. On October 9, 2014, A.R. by counsel filed an amended objection to the petition for adoption. An entry in the CCS dated November 5, 2015, states that a hearing was scheduled for December 10, 2015, at 1:00 p.m.

[3] An entry in the CCS dated November 9, 2015, states that, at the request of counsel, the matter was set for hearing on December 10, 2015, at 2:30 p.m., and another CCS entry on that date states that the hearing originally scheduled for 1:00 p.m. on December 10, 2015, was rescheduled to 2:30 p.m. on the court's own motion. Also on November 9, 2015, Attorney Byer filed a motion to

withdraw appearance stating that A.R. had failed to cooperate or communicate with him.[1] On November 12, 2015, the court granted the motion to withdraw appearance.[2]

[4] The court held the scheduled adoption hearing on December 10, 2015, and the hearing was concluded on December 17, 2015. At the beginning of the hearing on December 10, 2015, A.R. asked if she could request another attorney and stated that she received the motion to withdraw appearance immediately before she was picked up and taken to jail for an unrelated matter.[3] The court did not appoint replacement counsel and Mother did not have counsel throughout the hearing. The trial court stated:

> So what I might do . . . is let [Petitioners] put on your evidence, it's all recorded and then I'll make a judgment as to whether or not other counsel should be appointed who can come listen to the record or you're on your own. You can, you can, if it's important to you you can come up with the sums and get counsel to represent you to come listen to the record to see whatever needs to be done. But it doesn't seem to me to be fair when people take off court, they're here and they shouldn't have to be sent away.

---

[1] The certificate of service to Attorney Byer's motion to withdraw states that it was served upon Petitioners' counsel but does not state it was served upon A.R.

[2] The court's order granting the motion to withdraw appearance does not list A.R. in its distribution list.

[3] A.R. testified she was in jail because she had been picked up for failure to appear in another cause. Petitioners elicited testimony from a State Trooper that he had stopped A.R. on December 2, 2015, and that she was transported to the Madison County Jail.

Transcript at 16. During the continued hearing on December 16, 2015, the court stated:

> [W]hat I probably will do . . . is let [Petitioners] finish up your evidence and let [A.R.] offer anything she wants to offer pro se . . . . Then what I will probably do is either appoint counsel or say no we're not appointing counsel again but we'll leave the record open for a period of time. If you want to retain counsel, you know from Court that everything we do is recorded, so a lawyer can come in whether that's appointed counsel or retained counsel, a lawyer can come in, listen to the record, give you advice, decide what, if anything, to do on your behalf. I'm probably gonna go in that direction.

*Id.* at 83. Near the end of the hearing, the court stated:

> But what I think I am likely to do when the evidence is closed is put an entry on . . . , and unless I change my mind it will say one of two things. That the evidence has been closed but, the evidence in Court has been closed but the record is being left open for a period, and I'll state a number of days, for either the Court to appoint another lawyer to represent you to review this record or for you to retain private counsel, if you chose to do so, to review the record and then if nothing additional is filed then it will be, the record will be closed. If something is additional filed we'll wait and see what that is but, before we'd try to jump the gun on that. . . .
>
> [R]eally the issue is whether or not it's gonna be [A.R.'s] responsibility if she wants to have counsel to figure out how to do that or if she chooses not to whether the Court would appoint counsel for her or how we'll proceed on that.

*Id.* at 138-139.

A CCS entry dated December 17, 2015, states in part:

> Because [A.R.] offered on [sic] satisfactory explanation for
> [Attorney] Byer's withdrawal, no new PD will be appointed.
> However, the record will be left open until 12/29/15 to provide
> [A.R.] with an opportunity to privately retain counsel, if she
> chooses, to review the recorded record and file such
> supplemental motion(s) as may be appropriate. If counsel does
> not timely enter an appearance and file pleading(s), the evidence
> will be finally closed and the issues submitted to the Court.

Appellant's Appendix at 7-8.

The court issued a decree of adoption on February 4, 2016, and an amended decree of adoption on February 11, 2016.

## *Discussion*

The dispositive issue is whether the trial court abused its discretion in granting Attorney Byer's motion to withdraw appearance. A.R. argues that the court abused its discretion in granting Attorney Byer's motion to withdraw appearance that did not comply with local rules and that this court has held that the appointment of counsel is required in an adoption case. Petitioners argue that Mother invited the error of which she complains by failing to cooperate or communicate with her attorney prior to the adoption hearing, that the denial of replacement counsel was harmless, and that remanding for a new adoption hearing would be against the Children's best interest.

We have held that parents whose parental rights are being terminated against their will, including in cases of termination of parental rights by an adoption

which is contested by a biological parent, have three rights: (1) the right to be represented by counsel; (2) the right to have counsel provided if they could not afford private representation; and (3) the right to be informed of the two preceding rights. *See In re Adoption of G.W.B.*, 776 N.E.2d 952, 953-954 (Ind. Ct. App. 2002) (citations omitted); *see also* Ind. Code § 31-35-1-12 (cited in *G.W.B.*, noting the advisement applies in cases of termination of parental rights by adoption over the objection of a birth parent, and providing that parents must be advised that they "are entitled to representation by counsel, provided by the state if necessary, throughout any proceedings to terminate the parent-child relationship against the will of the parents").

[9]     Madison County Local Rule LR48-TR3.1-26 provides in part:

> B.  An attorney's appearance for a party will be withdrawn upon the filing of a motion, if:
>
> > 1. Another attorney simultaneously appears for the party;
> >
> > 2. The attorney provides satisfactory evidence that the party has discharged the attorney; or
> >
> > 3. The party acquiesces to the withdrawal.
>
> C.  In all other circumstances, an attorney seeking permission to withdraw an appearance shall file a written motion stating justification for the withdrawal.  The attorney shall give the party 21 days' written notice of the attorney's intention to seek permission to withdraw.  This notice shall (1) inform the party that failure to secure new counsel may result in dismissal of the party's case or in entry of a judgment or ruling against the party, (2) set forth the date of any scheduled hearing or trial, and (3) include any other pertinent information.

The November 9, 2015 motion to withdraw appearance filed by Attorney Byer did not state that one of the conditions in section B of the rule occurred and did not state whether Attorney Byer provided A.R. with twenty-one days' written notice with the information required in section C of the rule. Petitioners do not point to the record to show that Attorney Byer complied with the local rule. The trial court abused its discretion in granting Attorney Byer's motion to withdraw appearance in violation of the local rule. *See K.S. v. Marion Cnty. Dep't of Child Services*, 917 N.E.2d 158, 164-165 (Ind. Ct. App. 2009) (observing, in a case involving the termination of parental rights, there was no evidence that the mother's attorney informed the mother of her intent to withdraw as required by a local rule, that parents involved in termination proceedings have a right to counsel, and that the local rule's requirement that a withdrawing attorney expressly inform her client in writing of her intent to withdraw protects that interest, and holding the trial court abused its discretion in granting the mother's attorney's motion to withdraw her appearance in violation of the local rule). Further, A.R. did not have an attorney representing her during the adoption proceeding which terminated her parental rights.

## Conclusion

For the foregoing reasons, we reverse and remand for further proceedings.

Reversed and remanded.

Vaidik, C.J., and Bradford, J., concur.